2011 UT App 240

Gregory A. LOWREY, Petitioner,

v.

WORKFORCE APPEALS BOARD, Department of Workforce Services; and Jacklyn Emmett Johnson, Respondents.

No. 20100795–CA.

Court of Appeals of Utah.

July 29, 2011.

Gregory A. Lowrey, Ferndale, Michigan, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent Workforce Appeals Board, Utah Department of Workforce Services.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## MEMORANDUM DECISION

THORNE, Judge:

¶ 1 Gregory A. Lowrey challenges the Department of Workforce Services Appeals Board's (the Board) decision that Jacklyn Emmett Johnson's wages were subject to unemployment insurance contributions. We affirm.

¶ 2 Lowrey operated a religious entity known as UBU Ministries (UBU), which considered tattooing to be one of its core religious tenets. Either directly or through UBU, Lowrey also operated an entity known as Happy Valley Tattoo (Happy Valley). Johnson was employed for a time by either Lowrey, UBU, or Happy Valley, and an administrative law judge (the ALJ) determined that Johnson's wages from that employment were subject to unemployment insurance contributions. Lowrey argued that Johnson was actually an employee of UBU and that UBU was exempt from unemployment insurance requirements due to its religious status, but the ALJ rejected these arguments. The Board affirmed the ALJ's decision.

¶ 3 Lowrey raises several arguments before this court. He argues that the Department of Workforce Services (the Department) failed to establish that he was Johnson's employer; that the Board's decision created a nonexistent entity known as Gregory A. Lowrey DBA Happy Valley Tattoo and Piercing; that the Board reassigned ownership of a Utah state charter; that the Board ignored governmental records, pay records, and other records showing that Johnson was employed by UBU; and that Johnson's dismissal for just cause invalidated her claim for unemployment insurance benefits. Lowrey also raises arguments relating to UBU's religious status, arguing that Johnson's employment by a church invalidates her benefits claim and that the Board's decision violates constitutional protections and attempts to create a state religion.

¶ 4 We decline to consider the merits of Lowrey's arguments pertaining to the identity of Johnson's employer and the grounds for Johnson's dismissal because Lowrey has failed to marshal the evidence supporting the Board's decision. "[W]hen challenging an agency action as not based upon substantial evidence, appellants have a duty to marshal all of the evidence supporting the findings and show that despite the supporting facts, the [agency's] findings are not supported by substantial evidence." *Road Runner Oil, Inc. v. Board of Oil, Gas & Mining*, 2003 UT App 275, ¶ 10, 76 P.3d 692. Lowrey's argument on appeal merely asserts that the Department provided no evidence to contradict his claim that Johnson was employed by UBU. However, the record does contain evidence that Lowrey himself was Johnson's employer, including the apparently close relationship between Lowrey, UBU, and Happy Valley; Lowrey's status as the sole principal of both Happy Valley Tattoo and UBU; and the fact that UBU and Lowrey shared the same address in the Department's records. Lowrey's failure to properly marshal this evidence precludes us from reviewing his arguments regarding the

true identity of Johnson's employer.[1] Similarly, he has failed to marshal the evidence related to his claim that Johnson was dismissed for just cause.

¶ 5 We also reject Lowrey's religion-based arguments. Although Utah Code section 35A–4–205 does exempt employment by "a church or convention or association of churches" from its unemployment insurance program, it does so only if such services are also exempted under federal law. *See* Utah Code Ann. § 35A–4–205(1)(g)(i)(A) (Supp. 2010); *see also* 26 U.S.C. § 3306(c)(8) (Supp. 2010) (excepting from the definition of taxable employment "service performed in the employ of a religious, charitable, educational, or other organization described in section 501(c)(3) which is exempt from income tax under section 501(a)"). Federal law grants tax-exempt status to

> [c]orporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, . . . no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

26 U.S.C. § 501(c)(3) (2011).

¶ 6 Simply asserting UBU's religious status, however, is insufficient to establish that UBU qualifies for an exemption. "Statutes which provide for exemptions should be strictly construed, and one who so claims has the burden of showing his entitlement to the exemption." *Union Oil Co. of Cal. v. Utah State Tax Comm'n*, 2009 UT 78, ¶ 24 n. 2, 222 P.3d 1158 (internal quotation marks omitted). Thus, Lowrey bore the burden at the Department hearing to establish that UBU was entitled to an exemption from Utah's unemployment insurance requirements. Not only did Lowrey fail to furnish documentation establishing an IRS determination that UBU met the necessary requirements to be considered an exempt religious organization but, to the contrary, Lowrey provided the Board with a letter from the IRS stating, "We have no record that your organization has been recognized as exempt from Federal income tax under Internal Revenue Code section 501(a)." Further, Lowrey does not identify anything in the record besides his testimony as to UBU's religious nature that would establish UBU as an exempt organization under the statutory definition, such as evidence that its earnings did not inure to any individual or shareholder and that it did not act to influence legislation or political campaigns.

¶ 7 As the one claiming tax-exempt status for UBU, Lowrey had the burden of proving that UBU was entitled to it. *See id.* However, he failed to either provide documentation of UBU's section 501 status to the Board or to independently establish UBU's entitlement to tax-exempt status under the applicable statutory requirements. He thereby failed to establish UBU's exemption from Utah's unemployment insurance requirements, and the Board properly rejected Lowrey's exemption claim without considering the sincerity or legitimacy of either Lowrey's or UBU's religious beliefs.

¶ 8 For these reasons, we affirm the Board's decision that Johnson's employment was subject to unemployment insurance coverage.

¶ 9 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and MICHELE M. CHRISTIANSEN, Judge.

---

1. Lowrey also fails to present any authority or argument that the Board's alleged misidentification of Johnson's employer affected the Board's ultimate decision that Utah's unemployment insurance requirements applied to Johnson's employment.